JUDGE WOOD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
JESSICA POLO,

No. CV 05-

Plaintiff,

-against-

NOTICE OF REMOVAL

NEW YORK CITY TRANSIT AUTHORITY,
MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY,
FRANK AUSTIN and ASHLEY RODGERS,

Defendants.
-------------------------------------------------------x



05 CV 8151

RECEIVED
SEP 2 1 2005
U.S.D.C. S.D. N.Y.
CASHIERS

PLEASE TAKE NOTICE, that the defendants New York City Transit Authority

and Manhattan and Bronx Surface Transit Operating Authority (collectively, the "TA

defendants"), pursuant to 28 U.S.C. § 1446, hereby remove this action, commenced in the

Supreme Court of the State of New York, Bronx County, and assigned in that Court the

identifying Index No. 20829/05, to this Court, the United States District Court for the

Southern District of New York. This Court is the United States District Court for the

district in which the action has been pending.

The grounds for the removal of this action to this Court are that the complaint in

this action raises a federal question by asserting (for instance in the complaint's fourth

cause of action, at para. 36) that defendants "violated 42 USC § 1983," and also that

defendants violated plaintiff's "constitutional" rights (comp. para. 41, 42). (A copy of

the summons and a copy of the complaint in this action are annexed.)

The TA defendants received the summons and complaint in this action on

September 8, 2005, making this Notice of Removal timely. (As far as the undersigned

attorney for the TA defendants is aware, the remaining defendants in this action have not been served with a summons and complaint in this action.)

Dated:  September 20, 2005

Yours, etc.

Daniel Topper (DT-3739)
Office of the General Counsel
New York City Transit Authority
130 Livingston Street (12th Floor)
Brooklyn, NY  11201
Tel. [718] 694-3893
Attorneys for New York City Transit
   Authority and Manhattan and
   Bronx Surface Transit Operating
   Authority

Attach. (Summons and Complaint)

UNITED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

———————————————————————————————X

JESSICA POLO,

                   Plaintiff,

         -against-

NEW YORK CITY TRANSIT AUTHORITY,
MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY, FRANK AUSTIN
and ASHLEY RODGERS,

                   Defendants.

INDEX #: 20529/05
Date Filed: 8/29/05
Plaintiff designates
BRONX
County as place of Trial
The basis of venue is
Situs of Occurrence

**SUMMONS WITH
VERIFIED COMPLAINT**

To the above named Defendants:

PERSONAL SERVICE

L.P.R.

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on
the Plaintiff's Attorneys within twenty (20) days after the service of this summons, exclusive of the
day of service (or within thirty (30) days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded herein.

Dated: August 19, 2005

                         HUTTNER, MAGINO & BUDASHEWITZ, P.C.
                         Attorneys for Plaintiff
                         Office and Post Office Address
                         15 Maiden Lane, Suite 803
                         New York, New York 10038
                         (212) 945-7000

Notice: The object of this action is
to recover for sexual harassment and/or
sexual discrimination due to defendants
negligence.
The relief sought is **Monetary Damages.**

    Upon your failure to appear, judgment will be taken against you by default for a damage point
which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction
and which warrants the jurisdiction of this Court with interest, including the costs of this action.

## DEFENDANTS' ADDRESSES

NEW YORK CITY TRANSIT AUTHORITY, 130 Livingston Street, Brooklyn, New York
MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, 130 Livingston Street,
Brooklyn, New York
FRANK AUSTIN, 177 Devoe Avenue, Bronx, New York
ASHLEY RODGERS, 177 Devoe Street, Bronx, New York

SUPREME COURT.OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------------------X

JESSICA POLO,

                                Plaintiff,

            -against-

NEW YORK CITY TRANSIT AUTHORITY,
MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY, FRANK AUSTIN
and ASHLEY RODGERS,

                                Defendants.

--------------------------------------------------------------------------------X

**VERIFIED
COMPLAINT**

Index #: 20829/05

Plaintiff, JESSICA POLO, complaining of the defendants by her attorneys, HUTTNER,

MINGINO & BUDASHEWITZ, P.C., upon information and belief, respectfully alleges:

**AS AND FOR A FIRST CAUSE OF ACTION
IN BEHALF OF PLAINTIFF JESSICA POLO**

1.      At all times hereinafter mentioned, plaintiff was and is a resident of the County of

Bronx, City and State of New York.

2.      That, upon information and belief, New York City Transit Authority, (hereinafter

referred to as "NYCTA"), is a municipal corporation organized and existing under and by virtue

of the laws of the State of New York.

3.      That, upon information and belief, Manhattan and Bronx Surface Transit Operating

Authority, (hereinafter referred to as "MABSTOA"), is a municipal corporation organized and

existing under and by virtue of the laws of the State of New York.

4.      That the occurrence, which gave rise to the commencement of this action, took place

in the County of Bronx, City and State of New York.

5.      On July 25, 2005, the plaintiff caused a Notice of Claim in writing to be served upon

The NYCTA and MABSTOA nunc pro tunc pursuant to Court order dated August 11, 2005..

(A)     At least 30 days have elapsed prior to the commencement of this action since the claim was presented to said defendant NYCTA and MABSTOA for adjustment as aforesaid, and they have refused adjustment or payment.

6.      That the hearing pursuant to General Municipal Law Subsection 50-H has been waived.

7.      This action is timely commenced pursuant to General Municipal Law Subsection 50-I (1).

8.      Plaintiff has in all respects complied with all statutory requirements for the commencement and prosecution of this action.

9.      That on or about May 25, 2004 through November 30, 2004 and continuing to date, at 177 Devoe Avenue, Bronx, New York, the defendants, their agents, servants and/or employees, did verbally and physically abuse plaintiff causing her to sustain severe psychological injuries.

10.     That at all relevant times, the defendant Frank Austin was an employee of defendant NYCTA.

11.     That at all relevant times, the defendant Frank Austin was an employee of the defendant MABSTOA.

12.     That at all relevant times, the defendant Ashley Rodgers was an employee of the defendant NYCTA.

13.     That at all relevant times, the defendant Ashley Rodgers was an employee of the defendant MABSTOA.

14.     That the aforesaid acts of defendants were willful, intentional, unwarranted and without any just cause or provocation.

15.     That the aforesaid acts were committed by one or more NYCTA employees who

were on duty at the time and acting in their official capacities and within the scope of their employment.

16. That the aforesaid acts were committed by one or more MABSTOA employees who were on duty at the time and acting in their official capacities and within the scope of their employment.

17. That at all times herein, plaintiff was injured by the negligence, carelessness, want of care and intentional misdeeds of the defendants, their agents, servants and/or employees.

18. That defendants, their agents, servants and/or employees did touch the plaintiff in an inappropriate manner and made unwarranted and inappropriate sexual contact with the plaintiff.

19. That the defendants, their agents, servants and/or employees did conduct themselves in such a grossly negligent and intentional manner as to constitute a reckless, willful and wanton disregard for the safety, health and well-being of plaintiff.

20. That as a result of the foregoing and the act or acts of the defendants, their agents, servants and/or employees intended to create in the mind of the plaintiff an apprehension of an immediate harmful and/or offensive contact.

21. That as a result of the foregoing there was created in the mind of the plaintiff an apprehension of an immediate harmful and/or offensive contact.

22. That the aforesaid constituted battery upon the person of plaintiff Jessica Polo.

23. That said battery was unjustified.

24. That at all times herein mentioned, the actions of the defendants were negligent and/or reckless and/or intentional and not in accordance with proper NYCTA and MABSTOA regulations.

25. That said occurrence and the resulting personal injuries to plaintiff were caused through no fault of her own, but were caused solely and wholly by reason of the negligence,

recklessness and intentional misconduct of defendants as set forth above.

26.     That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, lame and disabled; has been and remains permanently injured; has been and will be prevented from attending to his usual duties for such period of time in all to her damages both compensatory and exemplary in an amount which exceeds the jurisdiction of all lower courts who would otherwise have jurisdiction and which warrants the jurisdiction o this Court.

## AS AND FOR A SECOND CAUSE OF ACTION
## IN BEHALF OF PLAINTIFF JESSICA POLO

27.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

27.     That at all relevant times, defendants, their agents, servants and/or employees did continually sexually harass the plaintiff.

28.     That at all relevant times, defendants, their agents, servants and/or employees did continually sexually discriminate against the defendant.

29.     That at all relevant times, the defendants, their agents, servants and/or employees did continually verbally abuse the plaintiff by inappropriate sexual comments.

30.     That at all relevant times, the defendants, their agents, servants and/or employees did continually flirt with the plaintiff.

31.     That at all relevant times, the defendants, their agents, servants and/or employees continually made comments about the shape of the plaintiff's body in the presence of other employees.

32.     That at all relevant times, the defendants, their agents, servants and/or employees

denied the plaintiff work, including, but not limited to, assignments and/or overtime, due to plaintiff's refusal of the defendants' unwarranted sexual advances.

33.    The defendants, their agents, servants and/or employees, suffered and/or caused and/or permitted claimant to be injured by the aforementioned conduct, by allowing and/or permitting the continuous and ongoing aforementioned conduct without terminating or transferring the offenders, by forcing claimant to work in an unsafe and hostile environment, in failing to act on prior complaints of behavior of the same employees; in violating claimant's civil rights, in violating the constitution of the Transport Workers Union. All of which the NYCTA and MABSTOA had timely and proper actual and constructive notice thereof. All in violation of the rules, regulations, laws, statutes and ordinances made and provided therefore.

34.    That by reason of the foregoing, plaintiff was caused to sustain serious and harmful psychological injuries and loss of earnings.

## AS AND FOR A FOURTH CAUSE OF ACTION
## IN BEHALF OF PLAINTIFF JESSICA POLO

35.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36.    That at all relevant times, the defendants, their agents, servants and/or employees violated 42 USC Section 1983.

37.    That by reason of the foregoing, plaintiff was caused to sustain serious and harmful psychological injuries and loss of earnings.

## AS AND FOR A FIFTH CAUSE OF ACTION
## IN BEHALF OF PLAINTIFF JESSICA POLO

38.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39.    That at all times herein mentioned, it was the policy and/or custom of the defendants

to inadequately supervise and/or train their employees, thereby failing to adequately discourage further harassment and constitutional violations on the part of their employees.

40.     As a result of the above described policies and customs, the employees believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

41.     That the above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of NYCTA to the constitutional rights of a person employed by the NYCTA, and were the cause of the violations of plaintiff's rights alleged herein.

42.     That the above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of MABSTOA to the constitutional rights of a person employed by MABSTOA, and were the cause of the violations of plaintiff's rights alleged herein.

43.     That by reason of their acts and omissions, defendants, acting under color of state and federal law and within the scope of their authority, in gross and wanton disregard of plaintiff's rights, subjected plaintiff to a hostile and unsafe work environment.

44.     That by reason of the foregoing, plaintiff suffered mental injuries, terror, humiliation, and damage to her reputation and other psychological and physical injuries. All of said injuries are permanent.

45.     That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, lame and disabled; has been and remains permanently injured; has been and will be prevented from attending to his usual duties for such period of time in all to her damages both compensatory and exemplary in an amount which exceeds the jurisdiction of all lower courts who would otherwise have jurisdiction and which warrants the jurisdiction o this Court.

## AS AND FOR A SIXTH CAUSE OF ACTION
## IN BEHALF OF PLAINTIFF JESSICA POLO

46.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47.     That the acts alleged herein were done by the defendants, their agents, servants and/or employees, while acting within the scope of their employment, and performed these actions wantonly, willfully, with malice and intention, without justification, and knowing and intending that their actions would injure plaintiff, Jessica Polo, physically, mentally and emotionally, engaged in the aforesaid wrongful conduct.

48.     By virtue of the foregoing, plaintiff, Jessica Polo, is entitled to recover punitive and exemplary damages from and against defendants.

49.     That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, lame and disabled; has been and remains permanently injured; has been and will be prevented from attending to his usual duties for such period of time in all to her damages both compensatory and exemplary in an amount which exceeds the jurisdiction of all lower courts who would otherwise have jurisdiction and which warrants the jurisdiction o this Court.

**WHEREFORE**, plaintiff demands judgment against defendants for compensatory and punitive damages, with interest therein, together with the costs and disbursements of this action.

DATED:     New York, New York
           August 19, 2005

HUTTNER, MINGINO & BUDASHEWITZ, P.C.
Attorneys & Counselors At Law
Attorneys for Plaintiffs
15 Maiden Lane, Suite 803
New York, New York 10038
(212) 945-7000

## AS AND FOR A SIXTH CAUSE OF ACTION
## IN BEHALF OF PLAINTIFF JESSICA POLO

46.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47.     That the acts alleged herein were done by the defendants, their agents, servants and/or employees, while acting within the scope of their employment, and performed these actions wantonly, willfully, with malice and intention, without justification, and knowing and intending that their actions would injure plaintiff, Jessica Polo, physically, mentally and emotionally, engaged in the aforesaid wrongful conduct.

48.     By virtue of the foregoing, plaintiff, Jessica Polo, is entitled to recover punitive and exemplary damages from and against defendants.

49.     That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, lame and disabled; has been and remains permanently injured; has been and will be prevented from attending to his usual duties for such period of time in all to her damages both compensatory and exemplary in an amount which exceeds the jurisdiction of all lower courts who would otherwise have jurisdiction and which warrants the jurisdiction o this Court.

**WHEREFORE**, plaintiff demands judgment against defendants for compensatory and punitive damages, with interest therein, together with the costs and disbursements of this action.

DATED:     New York, New York
           August 19, 2005

Yours, etc.,

Yours, etc.,

HUTTNER, MINGNO & BUDASHEWITZ, P.C.
Attorneys & Counselors At Law
Attorneys for Plaintiffs
15 Maiden Lane, Suite 803
New York, New York 10038
(212) 945-7000

## ATTORNEY'S VERIFICATION (COMPLAINT)

MICHAEL J. MINGINO, ESQ., an attorney at law duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury as follows:

I am the attorney for the plaintiff in the above-captioned action. I have read the foregoing Complaint and know the contents thereof which are true to my own knowledge, except as the matters therein stated to be alleged on information and belief, and as to these matters, I believe it to be true.

The reason this verification is made by me and not by the plaintiff is that the plaintiff resides in a county other than the one in which I maintain my office.

The source of my information and the grounds of my belief are communications with my client and others, papers, reports, and investigation contained in the file.

Dated: New York, New York
      August 19, 2005

                                   _____

                                   MICHAEL J. MINGINO, ESQ.

INDEX #: 20829                                     YEAR: 2005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

JESSICA POLO,

                                             PLAINTIFF,

                      - AGAINST -

NEW YORK CITY TRANSIT AUTHORITY,
MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY, FRANK AUSTIN
and ASHLEY RODGERS,

                                          DEFENDANTS.

SUMMONS WITH VERIFIED COMPLAINT

HUTTNER, MINGINO & BUDASHEWITZ, P.C.
ATTORNEYS FOR PLAINTIFF
15 MAIDEN LANE, SUITE 803
NEW YORK, NEW YORK 10038
(212) 945-7000

TO:

ATTORNEY(S) FOR DEFENDANT(S)

SERVICE OF A COPY OF THE WITHIN            IS HEREBY ADMITTED.

DATED:
                                          _____
                                          ATTORNEY(S) FOR

PLEASE BE ADVISED THAT THIS OFFICE DOES NOT ACCEPT SERVICE VIA FAX